**ACOMP**
JEFFREY R. GOMEL, ESQ.
Nevada Bar No. 3067
JASON L. EARNEST, ESQ.
Nevada Bar No. 6628
**MOUNTAIN WEST LAWYERS**
2470 St. Rose Parkway, Suite 311
Henderson, Nevada 89074
Telephone: (702) 873-0001
Facsimile: (702) 873-2920
jgomel@mountainwestlawyers.com
jearnest@mountainwestlawyers.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOUNTAIN WEST LAWYERS; MOUNTAIN WEST LAWYERS LAS VEGAS NV, fka MOUNTAIN WEST LAWYERS LAS VEGAS PLLC, fka MYERS & GOMEL, PROF CORP. dba MOUNTAIN WEST LAWYERS,<br><br>Plaintiffs,<br><br>vs.<br><br>FETZER BOOTH, P.C. dba MOUNTAIN WEST LAW, fka FETZER SIMONSEN BOOTH & JENKINS, P.C. dba MOUNTAIN WEST LAW, DOES 1 through 10 and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 2:25-cv-01775-CDS-DJA<br><br>**<u>FIRST AMENDED COMPLAINT FOR INJUNTIVE RELIEF AND DECLARATORY JUDGMENT</u>** |

Plaintiffs, Mountain West Lawyers and Mountain West Lawyers Las Vegas NV, fka Mountain West Lawyers Las Vegas PLLC, fka Myers & Gomel, Prof Corp. dba Mountain West Lawyers, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and for its Complaint against the Defendant, Fetzer Booth, P.C. dba Mountain West Law fka Fetzer Simonsen Booth & Jenkins P.C. dba Mountain West Law, state and allege as follows:

. . .

1

## NATURE OF ACTION

This is a civil action seeking declaratory, injunctive, and other relief, including attorneys' fees, costs, and expenses, against the Defendant arising from its acts of threatening immediate legal action for alleged Trademark/Service Mark infringement and other purported causes of action. Defendant, a Utah law firm, had demanded Plaintiffs, two associated Nevada law firms, cease and desist all use of the business name "Mountain West Lawyers" or face immediate legal action. *See Trademark Infringement-Cease and Desist correspondence dated September 10, 2025 attached and incorporated as Exhibit 1*. This action is brought pursuant to the federal statutory law of the United States of America, the statutory law of the State of Nevada, and the common law.

## PARTIES

1. Mountain West Lawyers (hereinafter referred to singularly as Mountain West Lawyers Pahrump or collectively as Mountain West Lawyers), is a Nevada Domestic Corporation engaged in the profession and practice of law in the areas of personal injury and criminal law in the State of Nevada, with its principal place of business located at 3340 South Highway 160, Suite 202, Pahrump, Nevada 89048.

2. Mountain West Lawyers Las Vegas NV (hereinafter referred to singularly as Mountain West Lawyers Las Vegas or collectively as Mountain West Lawyers), fka Mountain West Lawyers Las Vegas PLLC, fka Myers & Gomel, Prof Corp. dba Mountain West Lawyers, is a Nevada Domestic Corporation engaged in the profession and practice of law in the areas of personal injury law in the State of Nevada, with its principal place of business located at 2470 St. Rose Parkway, Suite 311, Henderson, Nevada 89074.

3. On information and belief, Fetzer Booth, P.C. dba Mountain West Law, fka Fetzer Simonsen Booth & Jenkins P.C. dba Mountain West Law (hereinafter referred to as Fetzer Booth or Fetzer Booth dba Mountain West Law) is a Utah Business/Professional Corporation engaged in the

2

profession and practice of law with its principal place of business in Salt Lake City, Utah.

4. The true names and capacities of Defendants sued herein as DOES 1 though 10, and ROE CORPORATIONS 1 through 10 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs believe said Defendants participated in the Cease and Desist demand and threat of imminent litigation against Plaintiffs, who will seek to amend this Complaint to set forth the true names and capacities of said fictitiously named Defendants if and when they have been fully ascertained.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment under the Trademark laws of the United States, *15 USC § 1051 et seq (the Lanham Act)* and *28 USC §§ 2201 and 2202 (the Declaratory Judgment Act)*. This Court has original jurisdiction over the subject matter of this action pursuant to *28 USC §§ 1331 and 1338*, and *15 USC § 1121*. The Court has supplemental jurisdiction over Plaintiffs' remaining and related claims pursuant to *28 USC § 1367 (a)*.

6. An actual dispute and justiciable controversy exists between Plaintiffs Mountain West Lawyers and Defendant Fetzer Booth dba Mountain West Law based upon the Trademark Infringement-Cease and Desist letter threatening immediate legal action. Plaintiffs have a reasonable apprehension of immediate litigation for, inter alia, Trademark/Service Mark Infringement.

7. This Court has personal jurisdiction over the Defendant because Defendant has threatened immediate action against Plaintiffs based upon alleged Trademark/Service Mark infringement and other related claims allegedly occurring in the State of Nevada where Plaintiffs' attorneys are licensed and practice. Defendant communicated and made those threats by regular and certified mail directed to Plaintiffs in the State of Nevada.

8. Venue is proper in this District pursuant to *28 U.S.C. § 1391(b) and (c)*, because all or a substantial part of the events referenced in Defendant's Cease and Desist Letter which give rise to

3

the Plaintiffs' claims occurred and are occurring in this District.

## FACTS COMMON TO ALL CLAIMS

9. Mountain West Lawyers Pahrump (Nevada Business Identification #NV20131195413) was granted a Nevada State Business License and began conducting business in the State of Nevada on or about April 1, 2013. *See Nevada State Business License attached and incorporated as Exhibit 2*.

10. Myers & Gomel, P.C. dba Mountain West Lawyers was granted a Certificate of Business Fictitious Firm Name and began conducting business in the State of Nevada on or about October 26, 2017. *See Certificate of Business: Fictitious Firm Name attached and incorporated as Exhibit 3*.

11. In February of 2020, Myers & Gomel, P.C. dba Mountain West Lawyers became Mountain West Lawyers, PLLC (Nevada Business Identification #NV20201720378), which was granted a Nevada State Business License and began/continued conducting business in the State of Nevada on or about February 19, 2020. *See Nevada State Business License attached and incorporated as Exhibit 4*.

12. In January of 2025, Mountain West Lawyers Las Vegas PLLC became Mountain West Lawyers Las Vegas NV (Nevada Business Identification #NV20253265692), which was granted a Nevada State Business License and began/continued conducting business in the State of Nevada on or about January 2, 2025. *See Nevada State Business License attached and incorporated as Exhibit 5*.

13. At all relevant times, Jeffrey R. Gomel, Esq. and Jason L. Earnest, Esq. owned and operated Mountain West Lawyers Pahrump and were duly authorized to practice law in the State of Nevada, and Jeffrey R. Gomel, Esq. owned and operated Mountain West Lawyers Las Vegas and was duly authorized to practice law in the State of Nevada.

14. Jeffrey R. Gomel, Esq. has been licensed and practicing law in the State of Nevada since 1987; Jason L. Earnest, Esq. has been licensed and practicing law in the State of Nevada since 1998. Neither is licensed nor has ever been licensed or practiced law in the State of Utah.

15. Mountain West Lawyers Pahrump focuses and practices in the areas of personal injury and criminal law and Mountain West Lawyers Las Vegas focuses and practices in the area of personal injury law. Plaintiffs market and advertise in the Mountain West Region of Southern Nevada, including Las Vegas and primarily Pahrump, in television and radio ads, magazines, billboards, youth sports sponsorships, etc. The Mountain West Lawyers website (mountainwestlawyers.com) lists the following areas of practice:

| | |
|---|---|
| Car/Truck/Motorcycle Accidents | Drugs |
| Dog Bites | Traffic Violations |
| Slip/Trip and Falls | Assault |
| Insurance Bad Faith and Unfair Practices | Felonies |
| Products Liability | Misdemeanors |
| Mass/Disaster/Complex Litigation | Theft |
| Medical Malpractice | Arbitration & Mediation |
| DUI | Alternate Dispute Resolution |

16. On information and belief and at all relevant times, Fetzer Booth dba Mountain West Law was not and is not a business entity licensed by or in the State of Nevada. On information and belief, none of its listed attorneys is licensed in the State of Nevada.

17. The Fetzer Booth dba Mountain West Law website lists the following areas of Practice:

| | |
|---|---|
| Alternative Dispute Resolution | Insurance Defense Law |
| Business Entity Formation | Land Use/Zoning |
| Business Law | Mechanics Liens/Construction Liens |
| Charitable Organizations and Non-Profits | Non Profit Law |
| Commercial Real Estate Law | Probate Law |
| Construction Defect | Real Estate Title Disputes |
| Construction Law | Surety Law |
| Estate Planning Law | Trademark Law |
| Franchise Law | Wills, Trusts, and Estates Law |

18. On information and belief and at all relevant times, Defendant Fetzer Booth did not

and does not offer legal services in the practice areas of personal injury law or criminal law in the State of Nevada or any other state.

19. At all relevant times, Mountain West Lawyers did not and does not offer legal services in the State of Utah.

20. On information and belief and at all relevant times, Defendant Fetzer Booth did not and does not market or advertise legal services in the State of Nevada or any state in the areas of personal injury or criminal law.

21. At all relevant times, Mountain West Lawyers did not and does not market or advertise legal services in any state other than Nevada.

22. The legal services provided by Defendant are entirely different than the legal services provided by Plaintiffs, as are the States in which they are provided.

23. Plaintiffs were the first to use the name Mountain West Lawyers in a location remote from Defendant's alleged use of its Mark.

24. On information and belief, there has been no actual confusion of any clients between Plaintiffs' and Defendant's tradenames, and Defendant alleged no such confusion in its Trademark Infringement-Cease and Desist letter.

25. Plaintiffs in good faith obtained and continuously used the tradename Mountain West Lawyers in Nevada for many years prior to Defendant's federal registration of the Mountain West Law Mark.

26. On or about September 10, 2025, Defendant Fetzer Booth forwarded a Trademark Infringement-Cease and Desist letter to Mountain West Lawyers threatening immediate legal action including "federal trademark infringement, … false advertising, passing off, and/or other unlawful acts, both under the common law and statutory law." *See Exhibit 1*.

27. In the Trademark Infringement-Cease and Desist letter, Defendant Fetzer Booth

expressly represents:

> Mountain West Law has the federally registered trademark "Mountain West Law®" (US Registration No. 5463545 ("Mark")). This Mark has been in continuous use since February 5th, 2008.

28. On information and belief, Defendant Fetzer Booth, then Fetzer Simonsen Booth & Jenkins, applied for the "Mark" on or about September 17, 2017, more than four (4) years after Plaintiffs began use of the name Mountain West Lawyers in Nevada. *See Trademark/Service Mark Application, Principal Register TEAS Plus Application attached and incorporated as Exhibit 6.*

29. On information and belief, the "Mark", U.S. Registration No. 5463545, was first registered May 8, 2018, more than five (5) years after Plaintiffs began use of the name Mountain West Lawyers in Nevada. *See Registration Certificate attached and incorporated as Exhibit 7.*

30. Defendant's statement and representation that, "This Mark has been in continuous use since February 5th, 2008" is false as no such registered "Mark" even existed until May 8, 2018.

31. On information and belief, Defendant Fetzer Booth, then Fetzer Simonsen Booth & Jenkins, declared in its Trademark/Service Mark Application as follows:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.
>
> To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.
>
> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

7

*See Exhibit 6.*

32. The Declaration was signed by Jaelynn Jenkins, Attorney, on behalf of Defendant Fetzer Simonsen Booth & Jenkins. *See Exhibit 6.*

33. Defendant knew or should have known of Plaintiffs' right to use and actual use of "Mountain West Lawyers" at the time of Defendant's Declaration in its application for the "Mark".

34. Based upon Defendant's own Application and Declaration, either Defendant's Mark was obtained under false pretenses and thus invalid, or "Mountain West Lawyers" is not, "in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive", as declared by Defendant. *See Exhibit 6.*

35. The September 10, 2025 Trademark Infringement-Cease and Desist letter was not emailed to Plaintiffs September 10, 2025 or at any point, as represented. It was received via regular and certified mail at both Mountain West Lawyers offices on September 15, 2025 and September 16, 2025. None of the copies included the purported enclosures.

36. The Trademark Infringement-Cease and Desist letter expressly demanded Mountain West Lawyers cease and desist any and all use of any kind of the name "Mountain West Lawyers immediately and no later than October 10, 2025." *See Exhibit 1.*

37. The Trademark Infringement-Cease and Desist letter further demanded Mountain West Lawyers expressly agree to immediately bow to all of Defendant's demands as follows:

> Should you fail to comply with these demands upon the dates set forth in this letter, my client has the right to seek all available legal remedies. In addition, you must provide me with written notice via email, fax or letter, by September 19, 2025, acknowledging your intent to comply with these demands, along with a statement that you will permanently refrain from future infringement of the Mountain West Law Trademark.
>
> These are serious matters. Govern yourself accordingly!

*See Exhibit 1. Electronically signed by Brooke Ashton, Shareholder, on behalf of Fetzer Booth, P.C. dba Mountain West Law.*

38. Plaintiffs accordingly bring this action for injunctive and declaratory relief in direct response to Defendant's written threat of immediate legal action.

39. An actual case or controversy exists as to the rights of Plaintiffs Mountain West Lawyers and Defendant Fetzer Booth dba Mountain West Law to the legal and authorized use of the names Mountain West Lawyers and/or Mountain West Law.

40. Plaintiffs respectfully request an Order from this Court declaring the rights, duties and obligations of the parties.

## FIRST CLAIM FOR RELIEF

*Seeking a Declaration That Defendant's Alleged Trademark/Service Mark Is Invalid*

41. Plaintiffs incorporate by reference the allegations of the preceding Paragraphs of this Complaint as though fully set forth.

42. This is a declaratory judgment action under *15 USC § 1051 et seq. (the Lanham Act)* and *28 USC § 2201 and 2202 (the Declaratory Judgment Act)*. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and the demand to immediately cease and desist all use of the name Mountain West Lawyers, Plaintiffs seek relief from this court.

43. Plaintiffs are entitled to and request an order/judgment declaring that the alleged Trademark/Service Mark of Defendant is invalid for, *inter alia*, the following not all-inclusive reasons:

a.) In its Trademark Infringement-Cease and Desist letter, Defendant Fetzer Booth expressly represents:

> Mountain West Law has the federally registered trademark "Mountain West Law®" (US Registration No. 5463545 ("Mark"). This Mark has been in continuous use since February 5th, 2008.

b.) Defendant applied for the "Mark" on or about September 17, 2017, more than four (4)

years after Plaintiffs began and continued their uninterrupted use of the name Mountain West Lawyers in Nevada. *See Exhibit 6.*

c.)   The "Mark", U.S. Registration No. 5463545, was first registered May 8, 2018, more than five (5) years after Plaintiffs began use of the name Mountain West Lawyers in Nevada. *See Exhibit 7.*

d.)   Defendant's statement and representation that, "This Mark has been in continuous use since February 5th, 2008" is false as no such registered "Mark" even existed until May 8, 2018.

e.)   Defendant declared in its Trademark/Service Mark Application as follows:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.
>
> To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.
>
> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements make on information and belief are believed to be true.

*See Exhibit 6.*

f.)   The Declaration was signed by Jaelynn Jenkins, Attorney, on behalf of Defendant. *See Exhibit 6.*

g.)   Defendant knew or should have known of Plaintiffs' right to use and actual use of the name/mark "Mountain West Lawyers" at the time of Defendant's Declaration.

h.)   Defendant's Mark was obtained under false pretenses.

10

44. Plaintiffs request an order/judgment declaring that Defendant's alleged Trademark/Service Mark is invalid.

### SECOND CLAIM FOR RELIEF

*Seeking A Declaration That Defendant's Alleged*
*Trademark/Service Mark Is Not Protectable And Is Unenforceable*

45. Plaintiffs incorporate by reference the allegations of the preceding Paragraphs of this Complaint as though fully set forth.

46. This is a declaratory judgment action under *15 USC § 1051 et seq. (the Lanham Act)* and *28 USC § 2201 and 2202 (the Declaratory Judgment Act)*. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and the demand to immediately cease and desist all use of the name Mountain West Lawyers, Plaintiffs seek relief from this court.

47. Defendant declared in its Application for the "Mark" in part as follows:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, ***either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.***

*See Exhibit 6. Emphasis added.*

48. Plaintiffs' business name, Mountain West Lawyers, in continuous use in Nevada since April of 2013, is not "either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive," and Defendant declared as much when applying for its Mark. *Id.*

49. Defendant's Mark is no more than generic or geographically descriptive with no secondary meaning attached and is unprotectable.

50. Plaintiffs are entitled to and request an order/judgment declaring that the alleged Trademark/Service Mark of Defendant lacks the requisite legal requirements to be protectable on the

11

Principal Register and/or to be enforceable.

### THIRD CLAIM FOR RELIEF

*Seeking a Declaration that Plaintiffs' Use of The Tradename
"Mountain West Lawyers" Does Not Violate The Lanham Act
or Constitute Trademark/Service Mark Infringement or Unfair Competition*

51.     Plaintiffs incorporate by reference the allegations of the preceding Paragraphs of this Complaint as though fully set forth.

52.     This is a declaratory judgment action under *15 USC § 1051 et seq. (the Lanham Act)* and *28 USC § 2201 and 2202 (the Declaratory Judgment Act)*.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation and the demand to immediately cease and desist all use of the name Mountain West Lawyers, Plaintiffs seek relief from this court.

53.     Plaintiffs are entitled to a declaratory judgment that their use of the name "Mountain West Lawyers" does not violate the *Lanham Act*, including Section 32 or Section 43(a) thereof, nor constitute unfair competition or trademark/service mark infringement under the statutory and/or common law of any state in the United States.

54.     Plaintiffs are entitled to and request an order/judgment declaring that Plaintiffs have not infringed, are not infringing, and are not likely to infringe on the alleged Trademark/Service Mark of Defendant with their continued use of the name Mountain West Lawyers.

### FOURTH CLAIM OF RELIEF

*Seeking a Declaration That "Mountain West Lawyers" is Not a Reproduction,
Copy, Counterfeit, or Colorable Imitation of the Defendant's Name*

55.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth.

56.     The name "Mountain West Lawyers" is not a reproduction, copy, counterfeit, or colorable imitation of Defendant's Mark under the *Lanham Act, 15 U.S.C. § 1051 et. seq.*

57.     Plaintiffs are entitled to a declaratory judgment that their name "Mountain West

Lawyers" is not a reproduction, copy, counterfeit, or colorable imitation of Defendant's Mark under the *Lanham Act, 15 U.S.C. § 1051 et seq*.

**WHEREFORE,** Plaintiffs, and each of them, respectfully request that this Court grant the following relief and declare Judgment as follows:

1. That Defendant's alleged Trademark/Service Mark is invalid;

2. That Defendant's alleged Trademark/Service Mark lacks the requisite legal requirements to be protectable on the Principal Register;

3. That Defendant's alleged Trademark/Service Mark is not enforceable against Plaintiffs;

4. That Plaintiffs' use of the tradename "Mountain West Lawyers" does not violate any provision(s) of the *Lanham Act*, including Section 32 or Section 43(a) thereof, or constitute unfair competition or trademark/service mark infringement under statutory or common law;

5. That the name "Mountain West Lawyers" is not a reproduction, copy, counterfeit, or colorable imitation of the Defendant's "Mountain West Law" Mark under the *Lanham Act, 15 U.S.C. § 1051 et. seq;*

6. That Plaintiffs may continue all use of the name "Mountain West Lawyers";

7. That Plaintiffs' use of the name Mountain West Lawyers was first in Nevada and superior to Defendant's;

8. Specifically with respect to Defendant's Trademark Infringement-Cease & Desist demands and threats, that:

    a) Plaintiffs are not required to stop all or any use of the name "Mountain West Lawyers";

    b) Plaintiffs are not required to remove all or any use of the name "Mountain West Lawyers" from its website, online advertisements, and/or social media pages;

    c) Plaintiffs are not required to contact all or any electronic paper advertising and other listing companies or groups with respect to Plaintiffs' continued use of the name "Mountain West Lawyers";

      d) Plaintiffs are not required to destroy all or any letterhead, invoices, and other paper materials used in Plaintiffs' businesses that contain the name "Mountain West Lawyers".

9. That Plaintiffs are entitled to an award of costs and reasonable attorneys' fees;

10. That Defendant is enjoined and prohibited from further threats and harassment against Plaintiffs; and

11. For all such other and further relief the Court deems to be just and proper.

Dated this 5th day of December, 2025.

                                        MOUNTAIN WEST LAWYERS

                                        By: /s/ Jeffrey R. Gomel
                                        JEFFREY R. GOMEL
                                        Nevada Bar No. 3067
                                        2470 St. Rose Parkway, Suite 311
                                        Henderson, Nevada 89074
                                        *Attorney for Plaintiffs*